```
         ┌─────────────────────────────────────┐
         │ ___ FILED        ___ RECEIVED        │
         │ ___ ENTERED      ___ SERVED ON       │
         │         COUNSEL/PARTIES OF RECORD    │
         │                                      │
         │          FEB - 3 2009                │
         │                                      │
         │      CLERK US DISTRICT COURT         │
         │        DISTRICT OF NEVADA            │
         │ BY: _____ DEPUTY     │
         └─────────────────────────────────────┘
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SHERYL MOULTON, individually and on
behalf of all others similarly situated,

        Plaintiffs,

     v.

EUGENE BURGER MANAGEMENT
CORPORATION, a California Corporation;
EUGENE J. BURGER; KEVIN BERG; JOHN
COLEMAN; SALEM PLAZA
CONDOMINIUM ASSOCIATION; GAYLE A.
KERN, LTD; GAYLE A. KERN; ULLA
CHRISTENSEN, both as individual and
Lakeside Plaza Board Director; MICHAEL
GRADY, both as individual and Lakeside
Plaza Board Director; DANIEL JOSEPH,
both as individual and Lakeside Plaza Board
Director; FRANK A. PERAU, both as
individual and Lakeside Plaza Board
Director; RICH SVIHLA, both as individual
and Lakeside Plaza Board Director;
LAKESIDE PLAZA CONDOMINIUM
ASSOCIATION; and DOES 1-500,

        Defendants.

3:08-cv-00253-BES-RAM

**ORDER**

      Currently before the Court is Defendants Lakeside Plaza Condominium Association,
Ulla Christensen, Shane Michael Grady, Eugene J. Burger Management Corporation, Eugene
Burger, Kevin Berg, Daniel N. Joseph, Frank Perau and Rich Svihla's (collectively referred to
herein as the "Lakeside Defendants") Motion to Dismiss Plaintiff's Complaint (#5) filed on May

1   30, 2008.[1]   Plaintiff Sheryl Moulton ("Plaintiff") filed an Opposition (#12) to the Lakeside

2   Defendants' Motion to Dismiss on October 27, 2008.  The Lakeside Defendants filed a Reply

3   (#28) on November 18, 2008.

4          Also before the Court is Defendant Salem Plaza Condominium Association's Motion

5   to Dismiss Plaintiff's Complaint (#22) filed on November 17, 2008.  Plaintiff filed an Opposition

6   to Defendant Salem Plaza Condominium Association's Motion to Dismiss Plaintiff's Complaint

7   (#31) on December 5, 2008, and Defendant Salem Plaza Condominium Association filed a

8   Reply (#35) on December 16, 2008.

9          Also before the Court is Defendants Gayle A. Kern and Gayle A. Kern, LTD's

10  (collectively referred to herein as the "Kern Defendants") Motion to Dismiss for Failure to State

11  a Claim and for Lack of Subject Matter Jurisdiction; Joinder in Lakeside Defendants' Motion

12  to Dismiss (#23) filed on November 17, 2008.  The Kern Defendants also filed a Request For

13  Judicial Notice (#24) on November 17, 2008.  Plaintiff filed an Opposition to the Kern

14  Defendants' Motion to Dismiss (#33) on December 5, 2008, and the Kern Defendants filed a

15  Reply (#37) on December 23, 2008.

16                                    **BACKGROUND**

17         Plaintiff filed a Complaint (#1) in this action on May 13, 2008.  In the Complaint, Plaintiff

18  asserted various claims based on alleged illegal assessments imposed at Lakeside Plaza

19  Condominium Association ("Lakeside") and Salem Plaza Condominium Association ("Salem").

20  The Complaint mirrors many of the claims filed in a previous lawsuit by Plaintiff pending before

21  this Court.  That case, 3:08-cv-176, was initially filed in the United States District Court for the

22  ///

23  ///

24  ///

25  ///

26

27
   _____
   [1] The Lakeside Defendants resubmitted their motion to dismiss after proofs of service were filed
28  in this matter.  See Motion to Dismiss (#21).  As such, the Court will consolidate the two motions in this
   Order.

Northern District of California before being transferred to the District of Nevada. Although the two cases are nearly identical, Plaintiff has alleged claims against two new defendants in this action: John Coleman and Salem Plaza Condominium Association.[2]

According to Plaintiff, she filed this action in order to bring claims against the new defendants. Specifically, Plaintiff alleges that Salem imposed an illegal assessment on the condominium she owned at Salem in 2005. Unlike the assessment imposed at Lakeside, Plaintiff timely paid the Salem assessment and no foreclosure proceedings were instigated against that property. In January 2006, Plaintiff sold her Salem condominium.

## ANALYSIS

### I. Salem's Motion to Dismiss

On November 17, 2008, Salem filed a Motion to Dismiss Plaintiff's Complaint (#22). In its motion, Salem argues that the assessment imposed on Plaintiff's Salem condominium "cannot be the subject of any litigation" because Plaintiff timely paid the assessment and also because it was imposed three years before Plaintiff filed her Complaint. (Defendant Salem Plaza Condominium Association's Motion to Dismiss Plaintiff's Complaint (#22) at 2). According to Salem, Plaintiff's Complaint "is an unlawful attempt by [Plaintiff] to have this Court review whether or not a special reserve assessment . . . [was] appropriate." Id. at 4. However, Salem argues that the claims asserted in Plaintiff's Complaint "fail to assert any legal theory that is cognizable as a matter of law and fails to allege sufficient facts to support a cognizable claim." Id.

Although Plaintiff filed an Opposition (#31) to Salem's motion, the Opposition focuses on the alleged illegal conduct of other defendants in this action. (Plaintiff's Opposition to Defendant Salem Plaza Condominium Association's Motion to Dismiss Plaintiff's Complaint (#31)). However, Plaintiff does assert that it is her "contention that defendants conspired to embezzle, defraud and extort approximately one million from homeowners" at Salem and

---

[2] On December 17, 2008, the Court issued a Notice of Intent to Dismiss John Coleman pursuant to FRCP 4(m). (Notice (#36)). Plaintiff failed to serve John Coleman and thus he was dismissed from this action pursuant to FRCP 4(m).

1   Lakeside. Id. at 2. Plaintiff also states that she "can establish, at a very minimum, negligence

2   in the underfunding of the reserves" at both Salem and Lakeside. Id. at 5.

3         The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency

4   of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule

5   12(b)(6) is proper only when a complaint exhibits either a "lack of a cognizable legal theory or

6   the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica

7   Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). The Court must accept as true all material

8   allegations in the complaint as well as all reasonable inferences that may be drawn from such

9   allegations. LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 (9th Cir. 2000). The Court must also

10   construe the allegations of the complaint in the light most favorable to the nonmoving party.

11   Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000). The Court may only grant a

12   motion to dismiss under Rule 12(b)(6) if it is certain that the plaintiff will not be entitled to relief

13   under any set of facts that could be proven under the allegations of the complaint. Cahill v.

14   Liberty Mut. Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996).

15         Although a court's review on a 12(b)(6) motion to dismiss is generally "limited to the

16   contents of the complaint," the court may also consider documents attached to the complaint,

17   documents incorporated by reference in the complaint, or matters of judicial notice without

18   converting the motion into a motion for summary judgment.[3] See Durning v. First Boston

19   Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

20         In this matter, Salem is entitled to an order dismissing it from the case because

21   construing the allegations of the complaint in the light most favorable to the nonmoving party,

22   Plaintiff has failed to state a claim upon which relief can be granted against Salem. In this

23   regard, the state law claims asserted against Salem are barred by Nevada law, and Plaintiff's

24   federal law claims fail to plead sufficient facts against Salem.

25

26

27

28

---

[3] The Ninth Circuit has expressly stated that a district court may take "judicial notice of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); see also Latta v. W. Inv. Co., 173 F.2d 99, 103 (9th Cir.1949)(holding that the court may take judicial notice of the records and files of the court). Thus, the Kern Defendants' request that this Court take judicial notice of the court's file in case 3:08-cv-176 is granted.

1      NRS 38.310 states that no civil action based upon a claim relating to "[t]he

2   interpretation, application or enforcement of any covenants, conditions or restrictions

3   applicable to residential property," or "[t]he procedures used for increasing, decreasing or

4   imposing additional assessments upon residential property . . . may be commenced in any

5   court in this State unless the action has been submitted to mediation or arbitration pursuant

6   to the provisions of NRS 38.300 to 38.360, inclusive. . . ." NRS 38.310(1). Moreover, that

7   statute provides that a "court shall dismiss any civil action which is commenced in violation"

8   of the foregoing subsection. NRS 38.310(2). According to the Nevada Supreme Court, this

9   statute "expresses Nevada's public policy favoring arbitration of disputes involving the

10  interpretation and enforcement of CC&Rs." Hamm v. Arrowcreek Homeowners' Ass'n, 124

11  Nev. 28, 183 P.3d 895, 902 (Nev. 2008).

12     In light of the foregoing, the state law claims asserted against Salem are dismissed.

13  These claims are based on an allegation by Plaintiff that Salem imposed an illegal assessment

14  on her property in violation of Salem's CC&Rs.[4] (Plaintiff's Opposition to Defendant Salem

15  Plaza Condominium Association's Motion to Dismiss Plaintiff's Complaint (#31) at 8). Plaintiff

16  timely paid this assessment and no foreclosure proceedings were ever instigated against her

17  Salem property. As a result, this case falls squarely within the confines of NRS 38.310. Thus,

18  Plaintiff is required by Nevada law to submit these claims to mediation or arbitration before

19  filing a civil action.

20     In addition, the Court finds that Plaintiff has failed to allege sufficient facts in her

21  complaint to survive dismissal of her federal law claims under Rule 12(b)(6). As noted in the

22  foregoing, a "Rule 12(b)(6) dismissal may be based on either a 'lack of cognizable legal theory'

23  or 'the absence of sufficient facts alleged under a cognizable legal theory.'" Johnson v.

24  Riverside Healthcare Sys., LP, 534 F. 3d 1116, 1121 (9th Cir. 2008). In pleading sufficient

25  facts or a cognizable legal theory, the complaint "must provide a 'short and plain statement of

26  the claim showing that [the plaintiff] is entitled to relief." Id. (quoting Fed. R. Civ. P. 8(a)(2)).

27

28

---

[4]  Plaintiff's Complaint specifically states that the claims asserted against Salem are "for a wrongful special assessment." (Complaint (#1) at 7).

5

Although "[s]pecific facts are not necessary," the statement needs to "give the defendant[s] fair notice of what . . . the claim is and the grounds upon which it rests." Id. at 1122. In addition, the complaint must "at a minimum, plead 'enough facts to state a claim for relief that is plausible on its face.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007)).

Plaintiff's Complaint alleges claims for relief under three federal laws: the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Fair Housing Act, and the Fair Debt Collection Practices Act. (Complaint (#1) at 7). In Plaintiff's Fair Debt Collection Practices Act cause of action, Plaintiff asserts that Lakeside refused to verify an alleged debt it held against Plaintiff. In addition, Plaintiff asserts that Lakeside "retaliated against Plaintiff" in the form of a death threat and unequal enforcement of the alleged special assessment. Id. at 19. The only allegation against Salem is that Salem "wrongly imposed a special assessment." Id. Such an allegation fails to assert either a cognizable legal claim or sufficient facts to state a claim against Salem for violation of the Fair Debt Collection Practices Act.

Plaintiff's Ninth Claim for Relief is for retaliation under the Fair Housing Act. Id. Although Plaintiff asserts that this claim is against all defendants, Salem is not mentioned in any of the allegations. Rather, Plaintiff asserts that Lakeside retaliated against her after she filed a HUD complaint against Lakeside. Because Plaintiff does not assert any claims against Salem for retaliation under the Fair Housing Act, she has failed to assert either a cognizable legal claim or sufficient facts to maintain this cause of action against Salem.

Finally, Plaintiff's Fifteenth Claim for Relief is a RICO cause of action against all defendants. "In order to dismiss a RICO claim, a district court . . . must determine that the plaintiffs have failed to allege two or more RICO predicate acts, occurring over a significant period of time, evidencing a threat of continuing activity." United Energy Owners Comm., Inc. v. U.S. Energy Mgmt. Sys., Inc., 837 F.2d 356, 361 (9th Cir. 1988). According to the Ninth Circuit, "[u]nrelated or discontinuous predicate acts will not suffice." Id. Moreover, RICO does not cover a single fraud or fraudulent act, but, rather, must allege a pattern of racketeering activity. 18 U.S.C. § 1961(5). In this matter, Plaintiff failed to specify any conduct by Salem

in her RICO cause of action.  Specifically, Plaintiff's complaint fails to allege a "pattern of racketeering activity" by Salem because Plaintiff has asserted that Salem imposed only a single wrongful assessment against her while she owned the property.  As noted above, a single wrongful act is not sufficient to state a claim under RICO.  Moreover, the only defendants identified in Plaintiff's RICO claim are Lakeside, Eugene Burger and Eugene Burger Management Corporation.

Thus, based on the foregoing, Defendant Salem Plaza Condominium Association's Motion to Dismiss Plaintiff's Complaint (#22) is granted.

## II. The Lakeside Defendants' and Kern Defendants' Motions to Dismiss

In addition to Salem's Motion to Dismiss (#22), the remaining defendants in this action also filed motions to dismiss. According to the Kern Defendants' Motion to Dismiss, the claims asserted against the remaining defendants in this action must be dismissed because they are already the subject of a prior action pending between the parties.  (Motion to Dismiss for Failure to State a Claim and for Lack of Subject Matter Jurisdiction; Joinder in Lakeside Defendants' Motion to Dismiss (#23) at 9). The Lakeside Defendants also note that this case is identical to the previously filed action except for the addition of Salem and John Coleman as defendants. (Motion to Dismiss Plaintiff's Complaint (#5) at p. 4).  In Plaintiff's Opposition, Plaintiff does not directly address the remaining defendants' argument that this case should be dismissed because of the prior pending litigation.  However, Plaintiff does request that this case be consolidated with the prior case and states that "Plaintiff respectfully wishes this Court take into consideration both cases when rendering a decision with regard to defendants' motions to dismiss."  (Plaintiff's Opposition (#33) at 5).

A district court retains "broad discretion" to control its docket, and, "[a]fter weighing the equities of [a] case," may "exercise its discretion to dismiss a duplicative later-filed action." Adams v. California Dept. of Health Serv., 487 F.3d 684, 688 (9th Cir. 2007).  According to the Ninth Circuit, "Plaintiffs generally have 'no right to maintain two separate actions involving the

1  same subject matter at the same time in the same court and against the same defendant.'"[5]

2  Id. (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3rd Cir. 1977)).

3      In order to determine if a suit is duplicative, a court "borrow[s] from the test for claim

4  preclusion." Id. "Thus, in assessing whether the second action is duplicative of the first, we

5  examine whether the causes of action and the relief sought, as well as the parties or privies

6  to the action, are the same." Id. at 689 (citing The Haytian Republic, 154 U.S. 118, 124

7  (1894)("There must be the same parties, or, at least, such as represent the same interests;

8  there must be the same rights asserted and the same relief prayed for; the relief must be

9  founded upon the same facts, and the . . . essential basis, of the relief sought must be the

10  same." (internal quotation marks omitted)).

11      This Court will first determine whether the causes of action in Plaintiff's two suits are

12  the same.  "To ascertain whether successive causes of action are the same, we use the

13  transaction test; developed in the context of claim preclusion." Id. Under this test, "[w]hether

14  two events are part of the same transaction or series depends on whether they are related to

15  the same set of facts and whether they could conveniently be tried together." Id. Specifically,

16  the court should examine four criteria: (1) whether "rights or interests established in the prior

17  judgment would be destroyed or impaired by prosecution of the second action;" (2) whether

18  "substantially the same evidence is presented in the two actions;" (3) whether "the two suits

19  involve infringement of the same right"; and (4) whether "the two suits arise out of the same

20  transactional nucleus of facts." Id. (quoting Costantini v. Trans World Airlines, 681 F.2d 1199,

21  1201-02 (9th Cir. 1982)).  Notably, "the last of these criteria is the most important." Id.

22      Here, it is clear that the two actions share a common transactional nucleus of facts.

23  Both cases stem from an alleged illegal assessment imposed on Plaintiff's property at

24  Lakeside on July 1, 2006.  Plaintiff has asserted identical causes of action based on this

25  alleged illegal assessment in both cases.  In addition, in a motion to consolidate filed in the

26  prior action, Plaintiff concedes that the two cases "present virtually identical factual and legal

27

28

---

[5]  In this regard, the Ninth Circuit states that a plaintiff is "required to bring all of her claims against the defendants and their privies arising from a single cause of action in one suit." Id.

1  issues, alleging substantially the same violations of RICO against similar defendants." (Notice

2  of Motion and Motion for Leave to File Consolidation Pursuant to Rule 42(a) (#99) case 3:08-

3  cv-176). Moreover, Plaintiff concedes that "these actions are based on the same facts and

4  subject matter." Id. In addition, Plaintiff seeks the same relief in both causes of action. Thus,

5  based on the foregoing, the Court finds that the causes of action in the two cases are identical.

6  The claims in Plaintiff's complaint in this action arise out of the same transactional nucleus of

7  facts asserted in her first action and the rights established by a judgment in the first action

8  would be destroyed or impaired by a judgment in the present action.

9       In addition to asserting the same causes of action, the cases also include the same

10  parties. In this regard, although the present action asserted claims against two additional

11  defendants, those defendants have now been dismissed from the action. Thus, the remaining

12  parties are identical.

13       Based on the foregoing, this Court finds that the present action is a duplicative lawsuit

14  to a case already pending before the Court. As a result, the Court will exercise its discretion

15  and dismiss this action.[6] Plaintiff will have a full and fair opportunity to litigate her claims in the

16  first case 3:08-cv-176. Although Plaintiff argues that she asserted additional facts in the

17  present case, the Court has granted Plaintiff's request to amend her complaint in case 3:08-

18  cv-176. (Order (#113) case 3:08-cv-176). Because Plaintiff has been granted leave to amend

19  her complaint in that action, Plaintiff can assert any additional facts related to her federal

20  claims in that case.

21                                      **CONCLUSION**

22       For the foregoing reasons, IT IS HEREBY ORDERED that Defendant Salem Plaza

23  Condominium Association's Motion to Dismiss Plaintiff's Complaint (#22) is GRANTED.

24       It is further ordered that Defendants Lakeside Plaza Condominium Association, Ulla

25  Christensen, Shane Michael Grady, Eugene J. Burger Management Corporation, Eugene

26

27       [6] According to the Ninth Circuit, "[d]ismissal of a duplicative lawsuit, more so than the issuance
     of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive
28  disposition of litigation." Id. In addition, by dismissing a duplicative lawsuit, a district court acts "to
     protect the parties from vexatious and expensive litigation and to serve the societal interest in bringing
     an end to disputes." Id.

1 | Burger, Kevin Berg, Daniel N. Joseph, Frank Perau and Rich Svihla's Motion to Dismiss
2 | Plaintiff's Complaint (#5) and resubmitted as (#21) is GRANTED,

3 |     It is further ordered that Defendants Gayle A. Kern and Gayle A. Kern, Ltd.'s Motion to
4 | Dismiss for Failure to State a Claim and for Lake of Subject Matter Jurisdiction; Joinder in
5 | Lakeside Defendants' Motion to Dismiss (#23) is GRANTED.

6 |     It is further ordered that Request for Judicial Notice (#24) is GRANTED.

7 |     The Clerk of the Court shall enter judgment accordingly.

    Dated this 2nd day of February, 2009.

_____
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28